UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO M. NUNEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondent. | 1:20-cv-00994-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner, a federal prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2241 and has paid the filing fee.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from the Eastern District of North Carolina. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a

1

sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, a federal prisoner may file a habeas corpus petition pursuant to § 2241 where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In this case, Petitioner contends that his remedy under § 2255 is inadequate or ineffective and he seeks to invoke the savings clause. Therefore, the petition should have been filed in the custodial court. Since Petitioner was incarcerated at the United States Penitentiary in Lompoc, California, at the time he filed his petition, the proper venue is the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **July 22, 2020**                                      /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE